IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EUGENE CHATMAN,
    Plaintiff,

              v.

WESTERN MANOR APARTMENTS,
ROTHMAN GORDON, PC,
    Defendants.

14cv1627
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER OF COURT DISMISSING PLAINTIFF'S AMENDED COMPLAINT (DOC. NO. 2)

On December 1, 2014, *Pro Se* Plaintiff, Eugene Chatman, filed a Motion for Leave to Proceed *in forma pauperis*, which included a Complaint against Defendants Western Manor Apartments and Rothman Gordon, PC. Doc. No. 1. The Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis*, but notified Plaintiff that the Court is "inclined to dismiss this case, pursuant to 28 U.S.C. Section 1915(e)" in light of the facts in the operative complaint and Plaintiff's previous filings, some of which have been dismissed as frivolous.[1] Mindful of its obligation to allow Plaintiff an opportunity to amend his pleading to cure defects until such amendment would be futile or prejudicial, the Court permitted Plaintiff to amend his complaint on or before December 12, 2014. 12/02/14 Text Order, *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff filed an Amended Complaint on December 8, 2014. Doc. No. 2. Plaintiff sets forth that on May 13, 2011, Rothman Gordon, PC was hired by "Legacy Apartment" to remove him from his apartment. On January 14, 2011, Plaintiff was removed from his apartment,

---

[1] Plaintiff has filed the following cases in this District Court: (1) Chatman v. Ghafoor (98-cv-641); (2) Chatman v. City of Pittsburgh, et al (98-cv-642); (3) Chatman v. Ghafoor (99-cv-00196); (4) Chatman v. Mayernik, et al (01-cv-00173); (5) Chatman v. USA, et al (02-cv-02165); (6) Chatman v. United States, et al (03-cv-00798); (7) Chatman v. Allegheny County, PA, et al (05-00277); (8) Chatman v. Housing Authority City of Pittsburgh et al (08-cv-01386); (9) Chatman v. United States of America (09-cv-01524); and (10) Chatman v. The City of Pittsburgh et al (11-cv-00638).

1

pursuant to a Court Order, by a Deputy Sheriff from the Allegheny County Sherriff's Office. Plaintiff contends that this action violated his civil rights and brings this action pursuant to 42 U.S.C. § 1983.

Plaintiff's Amended Complaint must be dismissed because of the applicable statute of limitations. Defendants' alleged illegal conduct occurred as late as January 14, 2011, approximately 3 years and 10 months before Plaintiff filed his original Complaint in this matter. Doc. No. 1-1. Plaintiff was aware of the alleged wrongdoing at the time it occurred. Section 1983 claims brought in Pennsylvania are governed by the two-year statute of limitations for state personal injury actions. *Lake v. Arnold*, 232 F.3d 360, 369 (3d Cir. 2000). Therefore, Plaintiff must have filed his Complaint within two years of the alleged constitutional violation (January 14, 2013). Plaintiff's Complaint was filed well-beyond the applicable time period. As such, Plaintiff's Complaint must be dismissed. Further amendment would be futile.

AND NOW, this 9th day of December, 2014, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Amended Complaint (Doc. No. 2) is **DISMISSED**; and
2. The Clerk of Court shall mark this **CASE CLOSED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

**EUGENE E. CHATMAN**
28151 Bedford Avenue
Apt. #303
Pittsburgh, PA 15129